IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL DEWAYNE THIBODEAUX, §<br>   #1539087, §<br>           PETITIONER, §<br>                                              §<br>v.                                           §      CASE NO. 3:19-CV-1980-B-BK<br>                                              §<br>LORIE DAVIS, DIRECTOR, TDCJ-CID, §<br>           RESPONDENT.             § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Paul Dewayne Thibodeaux's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including entry of findings and a recommended disposition. As detailed here, the successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I.    BACKGROUND**

In 2008, Thibodeaux pled guilty to aggravated robbery with a deadly weapon and was sentenced to 15 years' imprisonment. *State v. Thibodeaux*, No. F-0856041-J (3rd Crim. Dist. Ct., Dallas County, Tex., Nov. 11, 2008); Doc. 3 at 2-3. Thibodeaux then unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *See Thibodeaux v. Davis*, No. 3:16-CV-2149-M, 2017 WL 6761923, at *1 (N.D. Tex. Aug. 31, 2017), *rec. accepted*, 2017 WL 6761768 (N.D. Tex. Sept. 18, 2017) (summarizing state procedural history and denying federal habeas relief); *Thibodeaux v. Davis*, No. 3:19-CV-541-L-BN (N.D. Tex.

2019) (transferring successive federal habeas petition), *denying authorization to file*, No. 19-10585 (5th Cir. Jul. 10, 2019).

In this action, Thibodeaux again seeks to challenge his aggravated robbery conviction, raising new grounds. Specifically, he claims actual innocence and complains that defense counsel rendered ineffective assistance of counsel and abandoned him on appeal. Doc. 3 at 6-7.[1]

**II.     ANALYSIS**

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted

---

[1] Thibodeaux also requests compensatory damages for alleged slander, libel, and other difficult to decipher claims. Doc. 3 at 6-7. However, those claims are not cognizable in this habeas corpus action. *See* 28 U.S.C. § 2254(a) (providing for federal habeas relief if the petitioner "is in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,'" whereas "[a]n inmate's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983." (quoted case omitted)). Thus, to the extent Thibodeaux intends to pursue those claims, they must be brought in a new and separate civil action, with either payment of the filing fee or a motion to proceed *in forma pauperis*.

the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Thibodeaux must obtain such an order before he can file a successive application challenging his conviction, his Section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.   CONCLUSION

For the foregoing reasons, Thibodeaux's successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on October 18, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).